Dennis A. Sever, Bar No. 011087
**LAW OFFICE OF DENNIS A. SEVER, PLLC**
2826 South Carriage Lane, Suite 100
Mesa, AZ 85202
Telephone: (480) 730-1855
Facsimile:  (480) 730-1856
E-mail:  DA.Sever@SeverLaw.Net
Attorney for Plaintiffs Darnell

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARICOPA, DISTRICT OF ARIZONA

| | |
|---|---|
| DONALD and LINDA DARNELL, husband and wife,<br><br>  Plaintiff,<br><br>vs.<br><br>GALAXY CREDIT, LLC, an Arizona limited liability corporation; DEMETRIUS D. SMITH and JANE DOE SMITH, husband and wife; VERONICA DOE,<br><br>  Defendants. | **CIVIL ACTION NO. _____**<br><br>**COMPLAINT** |

## I.  INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiffs Donald Darnell and Linda Darnell (hereinafter "Plaintiffs"), individual consumers, against Defendants Galaxy Credit, LLC, Demetrius D. Smith and Jane Doe Smith, and Veronica Doe(last name unknown) (hereinafter collectively "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II.     JURISDICTION

2.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.    PARTIES

3.     Plaintiffs Donald Darnell and Linda Darnell, husband and wife, are natural persons residing in Phoenix, Maricopa County, State of Arizona.

4.     Defendant Galaxy Credit, LLC is an Arizona limited liability corporation engaged in the business of collecting debts in this state with its principal place of business located at Suite 213, 12630 N. 103rd Avenue Sun City, AZ 85351-3464.  The primary purpose of this Defendant is the collection of debts and this Defendant regularly attempts to collect debts alleged to be due to another.

5.     Defendants Demetrius D. Smith and Veronica Doe are natural persons employed by Defendant Galaxy as debt collectors at all times relevant to this Complaint.

6.     Plaintiffs lack sufficient information as to the identity of Defendant Demetrius D. Smith's spouse, if any, and the last name of Defendant Veronica Doe and leave of Court is hereby requested to amend this Complaint to more specifically identify these persons upon ascertaining their true identity.

7.     The acts of Defendant Demetrius D. Smith and Defendant Veronica Doe were done for and on behalf of their respective marital communities, if any.

8.     Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another.  Defendants are "debt collectors" as defined by the FDCPA 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

9.     By correspondence on the letterhead of Defendant Galaxy dated December 2, 2010, Defendants mailed a collection letter to Plaintiffs at their residence demanding payment of a debt in the amount of $450 allegedly due to Sergio's Lawn Service, a client of Defendant Galaxy.

10.    On December 9, 2010, Plaintiff Linda Darnell sent a letter to Defendant Galaxy via certified mail which was received by Galaxy on December 15, 2010.

11.    In their letter Plaintiffs contested the debt and requested proof of the debt, including a copy of a signed contract and an itemized statement and further requested that Defendants not call them.

12.    Thereafter, Galaxy sent Plaintiffs the exact same dunning letter as was sent on December 2, 2010 and provided the Plaintiffs a customer account history.

13.    The amount alleged as owed as set forth in the account history is $225 and not $450 as claimed by Galaxy in its December 2nd letter to Plaintiffs.

14.    After Defendants received the Plaintiffs' December 9, 2010 letter, Defendant Veronica Doe contacted Plaintiff Linda Darnell by phone and sought information concerning the alleged debt including copies of cancelled checks.

15.    After receiving this phone call from Defendant Veronica Doe, Plaintiff Donald Darnell called Defendant Galaxy and spoke to who he believed to be a Demetrio and who is

now believed to be Defendant Demetrius D. Smith and asked him for his last name as well as the name of the owner of the business, which this individual refused to provide.

16. The alleged debt of Plaintiffs was incurred for personal, family, or household services.

17. As a result of the acts alleged above, Plaintiffs have suffered humiliation, embarrassment, and mental distress.

## V.   CLAIM FOR RELIEF

18. Plaintiffs repeat and re-allege and incorporate by reference to the foregoing paragraphs.

19. Defendants violated the FDCPA by the following acts which include, but are not limited to:

(a) Making a false representation as to the amount of the alleged debt owed by Plaintiffs in violation of 15 U.S.C. §1692e(2);

(b) Contacting Plaintiffs when Defendants were specifically requested in writing that they not do so in violation of 15 U.S.C. §1692c(c)(1) and (2);

(c) Refusing to provide Plaintiffs meaningful disclosure of the identity of its debt collectors in violation of 15 U.S.C. §1692d(6).

20. As a result of the foregoing violations of the FDCPA, Defendants Galaxy Credit, LLC, Demetrius D. Smith and Jane Doe Smith, and Veronica Doe are liable to Plaintiffs for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants Galaxy Credit, LLC, Demetrius D. Smith and Jane Doe Smith, and Veronica Doe, and each of them, as follows:

A. For a declaratory judgment that Defendants' conduct violated the FDCPA;

B. For actual damages suffered by Plaintiffs;

C. For statutory damages pursuant to 15 U.S.C. §1692k;

D. For costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

E. For such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of May, 2011.

                    **LAW OFFICE OF DENNIS A. SEVER, PLLC**

                    /s/Dennis A. Sever
                    Dennis A. Sever
                    Attorney for Plaintiffs Darnell